UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AMIN A. RASHID, | : | |
| Petitioner, | : | Civ. No. 22-7147 (RBK) |
| v. | : | |
| WILLIE KNIGHT, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.      INTRODUCTION

Petitioner, Amin A. Rashid ("Petitioner" or "Rashid"), is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* ECF 1). Petitioner seeks this Court to vacate a 1980 criminal conviction from the United States District Court for the District of Oregon. In that case, he was sentenced to nine years imprisonment. He makes this request so that the Federal Bureau of Prisons ("BOP") can apply 2,555 days of prior custody credit to the sentence Petitioner is currently serving from a separate conviction Petitioner is serving from the United States District Court for the Eastern District of Pennsylvania. Petitioner has also filed a motion to expedite this matter. (*See* ECF 9). For the following reasons, Petitioner's habeas petition is denied as is his motion to expedite.

II.      FACTUAL AND PROCEDURAL BACKGROUND

Petitioner seeks to have this Court vacate his 1980 criminal conviction from the District of Oregon through this habeas petition. Petitioner has a lengthy criminal history which this Court will briefly recite, starting with Petitioner's 1980 criminal conviction.

In 1980, the District of Oregon sentenced Petitioner to nine years of imprisonment for interstate transportation of stolen property. (*See* ECF 7-1 at 13). Petitioner completed serving that sentence on May 11, 1988. (*See id.* at 14).

In 1994, the United States District Court for the Eastern District of Pennsylvania sentenced Petitioner to 168 months imprisonment for wire fraud, mail fraud, money laundering, laundering proceeds of an unlawful activity and criminal forfeiture. (*See id.* at 11-12). Petitioner completed that sentence in September, 2005. (*See id.* at 12).

In 2013, the Eastern District of Pennsylvania sentenced Petitioner to an aggregate sentence of 240 months of imprisonment on mail fraud and aggravated identify theft convictions. (*See* E.D. Pa. 08-493 ECF 430). Petitioner is currently scheduled to be released from incarceration on February 23, 2026 on that sentence. *See* https://www.bop.gov/inmateloc/ (last visited on Dec. 7, 2023).

As indicated above, Petitioner challenges his 1980 conviction in the District of Oregon in this federal habeas action. Petitioner has filed a plethora of actions challenging that conviction. Indeed, Petitioner, who has also gone by the name of Lawrence Doby Wilson, filed numerous unsuccessful § 2255 motions. *See United States v. Wilson*, C.A. No. 89-35841, 1990 WL 152527, at *1-2 (9th Cir. Oct. 11, 1990) (noting several unsuccessful § 2255 motions by Petitioner arising from 1980 District of Oregon conviction). Petitioner has also unsuccessfully sought *coram nobis* relief. *See, e.g.*, *United States v. Wilson*, 828 F. App'x 414, 414 (9th Cir. 2020) (affirming denial of request for *coram nobis* relief on 1980 District of Oregon conviction as Petitioner failed to justify delay in presenting claims that he was innocent of that offense, that he received ineffective assistance of counsel and that his due process rights were violated).

Petitioner has also sought habeas relief pursuant to § 2241 related to his 1980 District of Oregon conviction. Indeed, Petitioner previously argued as follows in a § 2241 habeas petition filed in the Eastern District of Pennsylvania after he was convicted of his most recent 2013 conviction in that Court as follows related to his 1980 District of Oregon conviction:

> [Petitioner] claims that his sentence before this Court was wrongly enhanced based on a prior conviction for interstate transportation of money taken by fraud. Defendant argues he is actually innocent of a prior federal conviction for interstate transportation of money taken by fraud, for which he alleges he was convicted by a jury in 1980 in the District of Oregon and sentenced to seven years of imprisonment. Specifically, Defendant argues that because he was acquitted of the charge of mail fraud in the 1980 trial, it was inconsistent and improper to find him guilty of interstate transportation of money taken by fraud. In a footnote, Defendant also alleges that he received ineffective assistance of counsel in the 1980 case because his trial counsel failed to timely move for an acquittal and his appellate counsel failed to raise this issue of inconsistent verdicts on appeal. As a result, Defendant argues that this Court improperly enhanced his 2013 sentence based on this prior conviction, and seeks to have both this enhancement vacated and to have the allegedly wrongful 1980 conviction vacated.

*Rashid v. Ortiz*, No. 15-274, 2016 WL 278191, at *2 (E.D. Pa. Jan. 22, 2016), *aff'd sub nom. United States v. Rashid*, 654 F. App'x 54 (3d Cir. 2016), and *aff'd sub nom. Rashid v. Warden Philadelphia FDC*, 658 F. App'x 636 (3d Cir. 2016).

With respect to Petitioner's challenge to his 2013 Eastern District of Pennsylvania sentence, that Court determined that Petitioner was not entitled to habeas relief under § 2241 because he had failed to demonstrate that 28 U.S.C. § 2255 was inadequate or ineffective to challenge that conviction and sentence. *See Rashid*, 2016 WL 278191, at *3. With respect to Petitioner's challenge to his 1980 District of Oregon conviction directly, the Court denied Petitioner's claim noting he was no longer "in custody" on that conviction and that he had had numerous opportunities to challenge that conviction based on actual innocence through his multiple § 2255 motions. *See Rashid*, 2016 WL 278191, at 3. Petitioner's motion for

reconsideration was then denied by the Eastern District of Pennsylvania. *See Rashid v. Ortiz*, No. 15-274, 2016 WL 7626712, at *2 (E.D. Pa. June 20, 2016). Furthermore, the Eastern District of Pennsylvania enjoined Petitioner from seeking to relitigate issues related to his criminal convictions that had already been decided. *See id.* at *4. The Third Circuit then affirmed the denial of Petitioner's § 2241 habeas petition.[1] *See Rashid*, 658 F. App'x 636.

Petitioner has now filed the instant § 2241 habeas petition in this Court. Petitioner argues that he is innocent of the 1980 District of Oregon conviction for the same reasons raised in his previous § 2241 habeas petition filed in the Eastern District of Pennsylvania described above. He further states that his 2013 Eastern District of Pennsylvania sentence was improperly enhanced due to that 1980 conviction. He seeks vacatur of his 1980 District of Oregon conviction and requests that this Court award him 2,555 days of credit for time served under the Oregon conviction to be applied to his current sentence as he was purportedly incarcerated improperly on that Oregon conviction.

Respondent opposes Petitioner's habeas petition. First, Respondent argues that Petitioner's instant habeas petition before this Court constitutes an abuse of the writ. Second, Petitioner claims that this Court lacks jurisdiction to consider this habeas petition as Petitioner is not "in custody" on his 1980 District of Oregon conviction. Third, Respondent argues that Petitioner is not entitled to federal habeas relief because he has not exhausted his administrative remedies. Finally, Respondent argues that Petitioner cannot obtain federal habeas relief on this action because doing so would amount to him improperly receiving "double-credit" for time served on his 1980 District of Oregon conviction.

---

[1] The Third Circuit did not rule on the Eastern District of Pennsylvania's enjoinment of further filings in Petitioner's criminal case noting that that issue was not before that Court. *See Rashid*, 658 F. App'x at 638 n.2.

Petitioner has filed a reply brief. Most relevant to this opinion, Petitioner argue that this Court has jurisdiction because, while his sentence on his 1980 District of Oregon conviction has fully expired, he should be considered "in custody" because the sentence he is currently serving was enhanced based on that conviction. (*See* ECF 8 at 5). Petitioner has also filed a motion to expedite arguing that if he is entitled to relief of 2,555 days of credit on his current sentence, he should be released immediately. (*See* ECF 9).

### III.   DISCUSSION

This Court will analyze Respondent's "in custody" argument in the first instance because it affects this Court's habeas jurisdiction. Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue a writ of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner admits that his sentence on his 1980 conviction has expired. (*See* ECF 8 at 5). The United States Supreme Court has stated that where a petitioner's sentence has expired, he is no longer "in custody" under that sentence. *See Maleng v. Cook*, 490 U.S. 488, 491-93 (1989). Thus, this Court agrees with the Eastern District of Pennsylvania which previously found that a lack of § 2241 habeas jurisdiction over Petitioner's challenge to his 1980 District of Oregon conviction and sentence because that sentence has expired. *See Rashid*, 2016 WL 278191, at *2.

In his reply brief, Petitioner attempts to overcome this lack of "in custody" by arguing that his current sentence was enhanced by the 1980 conviction for which he is innocent. Section 2255(e)'s savings clause states that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court

5

which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Plaintiff has had ample opportunities to raise his innocence claims in § 2255 matters before the District of Oregon. *See Rashid*, 2016 WL 278191, at*2 (noting in denying § 2241 habeas petition on actual innocence claims that Petitioner had ample opportunities to challenge his 1980 conviction based on actual innocence based on four prior § 2255 motions Petitioner filed in his 1980 case). The savings clause does apply here to give this Court jurisdiction over Petitioner's § 2241 habeas petition.

As Petitioner is not "in custody" on his 1980 conviction, this Court lacks jurisdiction over this habeas matter. Because of this lack of jurisdiction, this Court need not analyze Respondent's other arguments that this habeas petition constitutes an abuse of the writ and/or that Petitioner failed to exhaust administrative remedies. Furthermore, given that this Court lacks jurisdiction over this habeas matter, Petitioner's motion to expedite will be denied.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is denied. Petitioner's motion to expedite is denied. An appropriate order will be entered.

DATED: December 8, 2023                                     s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge